```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   UNITED STATES OF AMERICA,           :
                                         :   10-CR-0068
 5                  Plaintiff,           :
                                         :
 6            v.                         :
                                         :   225 Cadman Plaza East
 7   KATOSH PANTOLIANO, also known       :   Brooklyn, New York
       as "K,"                           :
 8                                       :
                    Defendant.           :   September 14, 2010
 9   ------------------------------------X

10       TRANSCRIPT OF CRIMINAL CAUSE FOR SUPPRESSION HEARING
               BEFORE THE HONORABLE STEVEN M. GOLD
11                 UNITED STATES MAGISTRATE JUDGE

12   APPEARANCES:

13   For the Government:        ALI KAZEMI, ESQ.
                                United States Attorney's Office
14                              Eastern District of New York
                                271 Cadman Plaza East
15                              Brooklyn, New York  11201-1820

16   For the Defendant:         CHARLES SAMUEL HOCHBAUM, ESQ.
                                Charles S. Hochbaum, P.C.
17                              16 Court Street - Suite 1800
                                Brooklyn, New York  11241
18

19   Court Transcriber:         SHARI RIEMER
                                TypeWrite Word Processing Service
20                              211 N. Milton Road
                                Saratoga Springs, New York  12866
21

22

23

24

25


     Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
```

```
                                                                  2
 1  (Proceedings began at 12:01 p.m.)
 2           THE COURT:  United States v. Pantoliano, 10-CR-068.
 3           For the United States?
 4           MR. KAZEMI: Ali Kazemi for the United States.  Good
 5  afternoon, Your Honor.
 6           THE COURT: For the defendant?
 7           MR. HOCHBAUM:  Charles Hochbaum for Mr. Pantoliano.
 8           THE COURT: Do you waive your client's appearance for
 9  purposes of scheduling and case management?
10           MR. HOCHBAUM: I do.
11           THE COURT: Thank you.
12           THE COURT: So I have -- counsel, in the back of the
13  courtroom, could I ask you either to speak outside or until
14  wait until my conference call is over?
15           Mr. Hochbaum, I guess you've made several motions.
16  You've moved for a severance.
17           MR. HOCHBAUM: That's correct.
18           THE COURT: You've moved for a bill of particulars.
19  You've moved to suppress the show up and you've -- the one on
20  one identification and you've moved to suppress
21  identifications from a photo book; right?
22           MR. HOCHBAUM: That's correct.
23           THE COURT: Mr. Kazemi, I have your opposition
24  papers.  What's your views -- what are your views about what
25  kind of hearing if any is needed and how long it should take
```

3

1  and when you will be ready to hold it?
2             MR. KAZEMI: Well, Your Honor, particularly with
3  regard to the show up identification, our opposition was based
4  on facts viewed most favorable to the defense and the
5  Government's position is that a hearing is not required to
6  resolve the motion to suppress.
7             THE COURT: I don't understand that really because
8  the show up has certain indicia of unreliability, right?  It's
9  a one on one identification and it's sort of a totality of the
10 circumstances analysis, isn't it, about whether or not those
11 circumstances contain sufficient indicia of reliability?  So
12 aren't there questions to be answered such as whether the
13 victim or witness was able to provide a description, what the
14 description was, how closely it matched the person identified,
15 the length of time that the witness saw the person, the
16 lighting conditions, what the police or law enforcement
17 officer said on the way from the scene to the show up, what
18 the lighting was at the time of the show up, how long after
19 the witness arrived at the show up he was able to make the
20 identification, the level of certainty expressed.  Doesn't all
21 that get into the mix?
22            MR. KAZEMI: Fair point, Your Honor.  I do believe
23 our --
24            MR. HOCHBAUM: Can I use that for my cross?
25            MR. KAZEMI: I do believe our opposition addressed a

4

1  number of those issues but I get a sense of which way the wind
2  is blowing.  So to the extent that the court does wish to have
3  a hearing to resolve those issues the Government believes we
4  could probably address them in a one to two day hearing.
5  Probably a one day hearing, possibly two days depending on the
6  extent of Mr. Hochbaum's cross.
7              THE COURT: I should think that that would be more
8  than ample for what I expected which would be an agent on the
9  stand -- I mean I had similar issues presented on a direct
10 examination of 45 minutes or so.
11             MR. KAZEMI: Okay.
12             THE COURT: So I would hope that we would get right
13 to -- I'm not going to be open to efforts to use this motion
14 as a vehicle for discovery outside the questions the motion
15 raises but -- so I should think that our events would begin
16 with the witness' observations during the criminal activity
17 and end with the witness' identification of the defendant.  I
18 assume that we all agree that hearsay is admissible at such a
19 hearing.
20             MR. KAZEMI: Yes, Your Honor.
21             THE COURT: Mr. Hochbaum, is there anything you want
22 to add?
23             MR. HOCHBAUM: No, Judge.  I just want my hearing.  I
24 think I'm entitled to it.  I think the court expressed it
25 appropriately as to the area of concern and the areas that

```
                                                              5
 1  need to be addressed during the hearing.
 2            THE COURT: Now the problem is going to be finding a
 3  day when I can possibly do it.  How do you like Friday,
 4  October 15th?
 5            MR. KAZEMI: Go ahead, Charles.
 6            MR. HOCHBAUM: I believe that sounds fine to me.
 7            MR. KAZEMI: Your Honor --
 8            MR. HOCHBAUM: We were talking about Monday the 18th
 9  but --
10            THE COURT: Monday, October 18th?
11            MR. HOCHBAUM: Yes.
12            THE COURT: I could do it then -- well, what I could
13  do is I could give you the afternoon of the 18th and the
14  morning of the 19th.
15            MR. HOCHBAUM: That would be fine with me.
16            MR. KAZEMI: That works for the Government as well,
17  Your Honor.  There's a very small chance I'll have to be in
18  Hawaii for work that weekend believe it or not.  It's actually
19  a work related trip but it's a very small likelihood. It's
20  more likely that I'll be there from the 22nd to the 25th.
21            THE COURT: You know that you're not garnering any
22  sympathy for it, right, for some trip you have to make?
23            MR. KAZEMI: Understandable, Your Honor.
24            THE COURT: All right. So we're going to go from two
25  to 5:30.  Is your client in custody, Mr. Hochbaum?
```

6

1        MR. HOCHBAUM: He is, Judge.
2        THE COURT: Does he require an interpreter?
3        MR. HOCHBAUM: No.
4        THE COURT: Okay.  So you'll do the 475 or whatever
5   they call it these days, Mr. Kazemi, right?
6        MR. KAZEMI: Yes, Your Honor.
7        THE COURT: And we'll go from two to 5:30 on the 18th
8   and we'll go from ten to one on the 19th.  That's what we'll
9   block out and hopefully that will be more than ample. Okay?
10       MR. HOCHBAUM:  Thank you, Your Honor.  Is this being
11  recorded, Judge?
12       THE COURT: Yes, it has.
13       MR. HOCHBAUM:  Can I get a copy of the minutes?
14       THE COURT: Yes, you may.
15       MR. KAZEMI: Your Honor, just one final point of
16  clarification.  The hearing will primarily be addressing or
17  exclusively be addressing the suppression motion.  I don't
18  believe a hearing is required to address the bill of
19  particulars.
20       THE COURT: No, no, no.  I don't even think Mr.
21  Hochbaum would expect a hearing on the bill of particulars or
22  severance issues.
23       MR. KAZEMI: Okay.
24       THE COURT:  Right, Mr. Hochbaum?
25       MR. HOCHBAUM: No, Judge.  Definitely not.

```
                                                                7
 1              THE COURT: But if you have some argument that's not
 2    in your papers that occurs to you between now and then you can
 3    present it.  Okay?
 4              MR. HOCHBAUM: Very good, Judge.
 5              THE COURT: All right. I will see you -- go ahead.
 6              MR. HOCHBAUM: Do I have to submit an order with
 7    regard to the minutes?
 8              THE COURT: Yes.  You know what you do?  Call my law
 9    clerk, Erin O'Connor at 718-613-2560 in about fifteen minutes
10    and you'll get instructions about how to order the minutes. I
11    can't really answer that question.  I don't know.
12              MR. HOCHBAUM: Great.  Thank you very much.
13              THE COURT: Okay.  Bye.
14              MR. KAZEMI: Thank you, Your Honor.
15              MR. HOCHBAUM: Bye.  Thank you, Your Honor.
16                            *  *  *  *  *
17
18
19
20
21
22
23
24
25
```

```
                                                                8
 1       I certify that the foregoing is a court transcript from
 2  an electronic sound recording of the proceedings in the above-
 3  entitled matter.
 4
 5                          _____
 6                                    Shari Riemer
 7  Dated:  October 13, 2010
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```