TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-C

----------

FROM: 77941053
TO:
SUBJECT: response to gov. letter from Jan.3rd,2011...
DATE: 3/17/2011 6:23:08 PM

HONORABLE STERLING JOHNSON JR.
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK
225-CADMAN PLAZA EAST
BROOKLYN, N.Y. 11201

DATE: MARCH 17TH.,2011

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 21 2011 ★

BROOKLYN OFFICE

RE: United States v. Katosh Pantoliano, 10-cr-00068-(SJ);
(In response to the Governments letter dated from January 3rd.,2011)...

*Dear Judge Johnson...,*

In the Governments letter dated January 3rd.,2011 that was in response to defendants letter dated from December 17th.,2010, the Government stated:
> "Pantoliano request for funds to hire a Private Investigator this court previously denied Pantoliano's requests for such funds by order dated May 3rd. 2010.See Docket Entry May 3rd. 2010, Pantoliano offers no reason why this courts prior ruling should be reconsidered".

In response to the Governments statement mentioned above defendant claims that it specifically stated (in defendants letter dated on December 17th.,2010):
> "that the need for a Private Investigator was because there were four additional robberies and locations,and several people that needed to be investigated in order to prepare a propper defense for trial".(See defendants letter dated December 17th.2010, lines 1 and 2).

Defendant now claims that this statement mentioned above offered enough reason why the Courts prior ruling should have been reconsidered. Moreover, defendant states in a more recent letter (dated February 28th., 2011, See Docket Entry):
> "defendant is in desperate need of a Private Investigator to prove his alibi and innocence in this case".

Defendant further states in this recent letter (dated February 28th.,2011) that:
> "there are five robbery locations that defendant is being charged for where victims and witnesses need to be investigated in order to prove defendants alibi and innocence.Without such funds that it will deprive defendant from proving his alibi innocence."(See letter dated February 28, 2011, lines 1 thru 6).

Second, the Government states:
> "that they strongly Object to defendants request for a meeting with codefendant Tuozzo".

The Government also states in their letter:
> "Pantoliano should not be permitted to meet privately with Tuozzo for both collusion and security reasons".

*Defendant now responds* that there is no justified need for the Governments separation classification order, other than to prejudice defendants defense and deprive defendant from preparing a proper and fair defense for trial. (See attached letter dated from March 7th., 2011).

The Government further states:
> "As noted above, Pantoliano fails to name the other defendant with whom he seeks a meeting".

Defendant now further responds that the "other defendant" (mentioned above) that defendant Pantoliano seeks a meeting with is (Carmine Carini) who has left the MDC to a different prison within the BOP. Defendant states that the need to have a meeting with Carmine Carini pertains to the Governments letter dated from February 2nd. 2010 in regards to the Governments letter in relation involving "Judge shopping tactics" (by Judge not being assigned randomly) where the Government claims that "U.S. v. Pantoliano" is related to "U.S. v. Carini". Defendant claims that the crimes charged in "U.S. v. Pantoliano" are not charged or related to the indictment in U.S. v. Carini". Moreover, the crime charged in "U.S. v. Pantoliano and Tuozzo" is not even mentioned in the Governments letter of relation dated on February 2nd.2010, which has revealed prejudice "Judge shopping tactics" by the Government because such crimes do not relate to "U.S. v Carini". By depriving a meeting with "Carini" it will prejudice defendant the opportunity to seek information pertaining to the Governments unfair "Judge shopping tactics" violating the (Local Rule 50.3, Rules for the Division of Business Among District Judges) by Judge not being assigned randomly.

Finally the Government states:
> "Pantoliano's complaint regarding his counsel representation does not rise to a level that will require the Court

to Appoint new Counsel".

In response now to the Governments final Objection stated above, defendant claims that his Court Appointed CJA Counsel Mr.Charles S. Hochbaum has deprived defendant from raising serious Constitutional claims and violations involved in this case, and fails to prepare a proper and fair defense for trial. Defendant claims that because of his counsel he has been deprived from :

    Raising Fourth, Fifth, Sixth, and Fourteenth Amendment United States Constitutional claims and violations by counsel failing to file Motions to Suppress Evidence, Motion to Produce Statements, Motion[s] to Dismiss, Motion for Bill of Particulars, Motion[s] for Defective Arrest Warrant and Defective Indictment, Motion for Prosecutorial and Agent Misconduct, Motion against Prejudice Judge Shopping tactics by the Government,failure to adopt to defendants pro-se motions and "Constitutional Claims (that defendant has mailed and the court has failed to file and Docket such claims),failure to schedule meetings with co-defendants and their attorneys,failure to subpeana cooperators phone records from the GEO facility, failure to raise Jencks act violations by the Government, failure to raise all BRADY violations by the Gov., failure to Object to Report and Recommendations for denial of Severance Motion, failure to Object to the Governments letters and Separation Orders, failure to obtain more hours for Private Investigator and to have joint meetings with Private Investigator,failure to review materials with defendant, hiding materials from defendant and not allowing defendant to review materials, failure to investigate defendants Alibi and Innocence, failure to file Interlocutory Appeal, failure to communicate with defendant on developments in case, constantly trying to force defendant to Cooperate with Government.

Finally,defendant now states for the above stated reasons that Counsel's lack of the proper representation strongly rises to a level that would require the Court to Appoint new Counsel. Moreover, defendant constantly mails pro-se Motions, Letters and Objection's (that have not been Docketed) to the Court because Counsel fails to represent defendant properly, which reveals the defendants serious conflicts of interest with such Attorney.Defendant lastly claims that all of the issues and concerns mentioned above, hinders defendants pre-trial preperations,thus hampering defendants defense creating a fundamentally unfair process affecting defendants substantial rights.WHEREFORE, defendant would greatly appreciate if you can please address these issues and concerns in order for defendant to prepare a proper and fair defense for trial.

                        Respectfully Submitted By,
                 Defendant,Katosh Pantoliano,77941-053
                   MDC-BKLYN, P.O. Box 329002
                       Brooklyn, N.Y. 11232

c.c..:file

FROM: 77941053
TO:
SUBJECT: unfair separation classification....
DATE: 3/7/2011 2:30:47 PM


UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK
HONORABLE STERLING JOHNSON JR.          MARCH 7th.,2011
225- CADMAN PLAZA EAST
BROOKLYN N.Y. 11201

        RE: United States v. Katosh Pantoliano, 10-cr-00068-(S.J.);
        (In regards to: the A.U.S.A.'s unfair separation classification...)

To: Judge Johnson...,

    This letter is to bring to the attention of the court a grave concern pertaining to my pre-trial preparations and defenses for this case. These issues are generated due to the separation classification placed on myself and my codefendant (Anthony Touzzo) which seems to have been enacted since the filing of my superseding indictment. This separation classification is now restricting me from attending the law library and seeing my Attorney. On March 3rd., 2011, officials in the MDC denied my Attorney Mr.Charles S. Hochbaum to visit with me on account of this separation classification. Because of the separation classification I was unable to speak with my Attorney to research discovery, law, and facts in my case which is depriving me of my constitutional right to prepare for trial. This I pray the court can see presents a grave concern as to the preparing of my defenses. This limited time and access to the law library hinders my preparation and reasearch for this case, thus hampering my defense which creates a fundamentally unfair process affecting my substantial rights.This classification is hampering me from adequately reviewing discovery, case law, law and facts as I cannot go to the law library (which is once a week for 2 1/2 hrs) to properly research my case or the visiting area to see my 2 year old son and family if my codefendant is out of his assigned housing unit for any reason whatsoever.

Subsequently, this separation classification is restricting me from fulfilling my family-ties with my two year old baby, my fiance, and my elderly father who suffers from bad health conditions. However, there is no need for separations in this case because I am still able to speak with my co-defendant during our co-defendant meetings with our Attorneys present. There is no justified need for this separation other than to prejudice my defense by restricting my movement which deprives me from seeing my Attorney, using the Law Library in the MDC, and seeing my family.

*Wherefore,* I would greatly appreciate it if you can please have the government remove the separation classification so I can communicate with my Attorney and family, and be able to prepare a proper and fair defense for my trial.

>Respectfully Submitted,
>Defendant, Katosh Pantoliano, 77941-053
>MDC-BKLYN., P.O. Box 329002
>Brooklyn, N.Y. 11232

c.c.:file: A.U.S.A.- Ali Kazemi...