UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

Katosk Pantoliano,
      Petitioner,

Versus,

United States of America,
      Respondent.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 22 2011 ★

BROOKLYN OFFICE
Criminal Case No:
10-068 (S-1)(SJ)

The Honorable
Sterling Johnson

PETITIONER KATOSH PANTOLIANO MOTION TO DISMISS

INDICTMENT NO. 10-068(S-1)(SJ),

PURSUANT TO RULE 12(b)(2), OF THE

FEDERAL RULES OF CRIMINAL PROCEDURE.

COMES NOW, Petitioner Katosh Pantoliano, Pro-se, from
Metropolitan Detention Center, Brooklyn, New York, respectfully
requesting this Honorable Court to Dismiss Indictment Number.
10-068(S-1)(SJ), pursuant to Rule 12(b)(2), of the Federal Rules
of Criminal Procedure. Petitioner Katosh Pantoliano thereof
states the alleges:

Petitioner Katosh Pantoliano was mentioned in a five
Court indictment as followe:

COUNT ONE:

In or about and between April 2008 and September 2008,

(1)

both dates being approximate and inclusive, within the Eastern
District of New York, the Defendant Katosh Pantoliano, also known
as "K," together with others, did knowingly and intentionally
conspire to obstruct, delay and affect commerce, and the movement
of articles and commodities in commerce, by robbery, to wit,
the robbery of narcotics traffickers and gambeling establishments,
in violation of Title 18 U.S.C. 1951(a) and 3551 et seq.

    COUNT TWO:

In or about and between April 2008 and September 2008,
both dates being approximate and inclusive, within the Eastern
District of New York, the Defendant Katosh Pantoliano, also known
as "K," together with others, did knowingly and intentionally
use and carry a firearm during and in relation to a crime of
violence, to wit: the crime charged in Count One, and did knowingly
and intentionally possess said firearm in furtherance of such
crime of violence, which firearm was brandished, in violation
of Title 18 U.S.C. 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551.

    COUNT THREE:

In or about September 2009, within the Eastern District
of New York, the defendant Katosh Pantoliano, also known as "K,"
together with others, did knowingly and intentionally conspire
to obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery, to wit: the robbery
of United States Currency from John Doe, an employee of a restaurant
located in Brooklyn, New York, whose identity is known ao the
Grand Jury, in violation of Title 18 U.S.C. Section 1951(a),
and 3551.

(2)

COUNT FOUR:

On or about September 28, 2009, within the Eastern District of New York, the defendant Katosh Pantoliano, also known as "K," together with others, did knowingly and intentionally obstruct, delay and affact commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States Currency from John Doe, an employee of a restaurant located in Brooklyn, New York, in violation of Title 18 U.S.C. 1951(a), 2, and 3551 et seq.

COUNT FIVE:

On or about September 28, 2009, within the eastern District of New York, the defendant KatoshPantoliano, also known as "K," together with others, did knowingly and intentionally use and carry a firearm during and in relation to oneor more crimes of violence, to wit: the crime charged in Count Three and Four, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged, in violation of Title 18 U.S.C. Section 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551.


ISSUE

KATOSH PANTOLIANO HAS BEEN DETAINED/INCARCERATED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.

Petitioner Katosk Panroliano Superseding Indictment was based on false evidence which was known by the Prosecution, in violation of the DueProcess Clause of the United States Constitution.

In, **Drake-v-Protuondo,**553 F.3d 230 (2d. Cir. 2009), The Second Circuit Held," Since at least 1935, it has been the established law of the United States that a conviction obtained through

(3)

testimony the prosecutor known to be false is repugnant to the constitution. See, Mooney-v-Holohan, 294 U.S. 103, 112, 55 S.Ct 340, 79 L.Ed. 791 (1935). This is so because, in order to reduce the danger of false convictions, we rely on the prosecutor not to be simply a party in litigation whose sole object is the conviction of the defendant before him. The Prosecutor is  an officer of the court whose duty is to present a forceful case and  truthful case to the jury, not to win at any cost. See, e.g. Jenkins-v-Artuz, 294 F.3d 284, 296 n. 2 (2d. Cir. 2002)(noting prosecutor under New York State Law is to seek justice not merely to convict).

In, Giglio-v-United States, 405 U.S. 150, 31 L.Ed.2d 104, 92 S.Ct 763 (1972)," THe Supreme Court of the United States held," a conviction obtained through the knowing use of  false evidence must fall under the Due Process Clause, under the Fourteenth Amendment of the United States Constitution. In, Napue-v-Illinois, 360 U.S. 264, 3 L.Ed.2d 1217, 79 S.Ct 1173 (1959)," The Supreme Court of the United States held," in applying the rule that a conviction obtained through the use of false evidence known to be such representative of the state and permitted by them to go uncorrected must fall under the Due Process Clause, under the fourteenth Amendment of the United States Constitution.

In Opper-v-United States, 99 L.Ed 101, 348 U.S. 84 (1954), " The United States Supreme Court held,' it is clear that there was substantial independent evidence to establish directly the truthfulness of Petitioner's admission that he paid the government employee money. but the direct corroborative

(4)

evidence tending to prove the truthfulness of Petitioner's
statements would not establish a corpus delicti of the offense
charged. Rather it tends to establish only one element of
the offense-payment to of money. The government therefore had
to prove the other element of the corpus delicti-rendering
of services by the government employee-entirely by independent
evidence.

The governments informants testify to the fact that
Katosh Pantoliano, committed several crimes, but there is no
corpus delict.to prove that Petitioner committed any crime.

Katosh Pantoliano did not viotated the mentioned
Statutes on his indictment, and has been detained in violation
of the Due Process Clause of the United States Constitution.


Defendant is entitles to release where the court has
determined that he was convicted of his federal rights to
due process of the law. **Cagle-v-Davis**, 520 F. Supp. 297, **633
F.2d 1070,** Ramirez-v-United States, 185 F. Supp.2d (E.D.N.Y
2001).

In, Harris-v-United States, 404 U.S. 1232, 30 L.Ed.2d
25, 92 S.Ct 10, Justice Douglas, of the United States Supreme
Court held," a conviction based on a record lacking any relevant
evidence as to crucial elements of the offense charged violates
due process.

In, Triestman-v-United States, 124 F.3d 361 (2d. Cir.
1997), The Second Circuit held," continuning incarceration

(5)

of an innocent person violates the Eight Amendment," Cruel
and Unusual Punishment" of the United States Constitution.
See, <u>Herrera-v-Collins</u>, 506 U.S. 390, 432 n2, 113 S.Ct 853,
877 n2 122 L.Ed.2d 203 (2003). The Second Circuit held," every
day in prison would be cruel and unusual punishment for a
crime having a cold common." <u>Triestman.</u>


<u>CONCLUSION</u>

  WHEREFORE, Petitioner Katosh Pantoliano respectfully
requesting that this Honorable Court dismiss Superseding
Indictment No. 10-068 (S-1)(SJ), against this Petitioner and
order his release.

April 16, 2011

        Respectfully Submitted,

        Katosh Pantaoliano, Pro-se
        Register No. 77941-053
        Metropolitan Detention Center
        Post Office Box 329002
        Brooklyn, New York  11232

(6)

CERTIFICATE OF SERVICE

     I, Katosh Pantoliano, duly sworn that a copy of Petitioner motion to dismiss Indictment No. 10-068(S-1)(SJ), pursuant to Rule 12(b)(2), of the Federal Rules of Criminal Procedure was sent United States First Class Mail to the following:

Ali KAZEMI

Assistant United States Attorney

FOR THE EASTERN DISTRICT OF NEW YORK

271 Cadman Plaza, East

Brooklyn, New York    11201


April 16, 2011


                    Respectfully Submitted,

                    *Katosh Pantoliano*

                    Katosh Pantoliano, Pro-se

                    Register No. 77941-053

                    Metropolitan Detention Center

                    Post Office Box 329002

                    Brooklyn, New York  11232


(7)

JPL:AK/CAC
F.#2010R00123

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KATOSH PANTOLIANO,
    also known as "K," and
ANTHONY TUOZZO,

          Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>10-068 (S-1)(SJ)</u>
(T. 18, U.S.C., §§ 924,
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(d),
981(a)(1)(C), 1951(a), 2
and 3551 <u>et seq.</u>; T. 21,
U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

      1.   In or about and between April 2008 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant KATOSH PANTOLIANO, also known as "K," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of narcotics traffickers and gambling establishments.

      (Title 18, United States Code, Sections 1951(a) and 3551 <u>et seq.</u>)

<u>COUNT TWO</u>
(Brandishing of a Firearm During a Crime of Violence)

2.     In or about and between April 2008 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant KATOSH PANTOLIANO, also known as "K," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 <u>et</u> <u>seq.</u>)

<u>COUNT THREE</u>
(Hobbs Act Robbery Conspiracy)

3.     In or about September 2009, within the Eastern District of New York, the defendants KATOSH PANTOLIANO, also known as "K," and ANTHONY TUOZZO, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe, an employee of a restaurant located in Brooklyn, New York, whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 1951(a) and 3551 <u>et</u> <u>seq.</u>)

2

## COUNT FOUR
(Hobbs Act Robbery)

4.    On or about September 28, 2009, within the Eastern District of New York, the defendants KATOSH PANTOLIANO, also known as "K," and ANTHONY TUOZZO, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from John Doe, an employee of a restaurant located in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Discharge of a Firearm During a Crime of Violence)

5.    On or about September 28, 2009, within the Eastern District of New York, the defendants KATOSH PANTOLIANO, also known as "K," and ANTHONY TUOZZO, together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Three and Four, and did knowingly and intentionally possess said firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

3

F. #2010R00123
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*Katosh Pantoliano, also known as "K," and*
*Anthony Tuozzo,*

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924, 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d), 981(a)(1)(C), 1951(a), 2
and 3551 et seq.; T. 21, U.S.C., 853(p); T. 28, U.S.C., 2461(c));
T. 8, U.S.C., §§ 1326(a) and 1326(b)(1); T. 18, U.S.C., § 3551 et seq.)

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Celia A. Cohen, Assistant U.S. Attorney (718-254-6147)*