TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-C

------------------------------------------------------------------------------------

FROM: 77941053
TO:
SUBJECT: Motion to Dismiss for Incurable Structural Defect
DATE: 5/8/2011 2:46:36 PM



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 10 2011 ★

BROOKLYN OFFICE

—————————————————————x

KATOSH PANTOLIANO,
          Petitioner.

    -Versus-

UNITED STATES OF AMERICA,
          Respondent.

—————————————————————x

MOTION TO DISMISS
10-CR-00068-(S-2)-(SJ)
HONORABLE
STERLING JOHNSON JR.

PETITIONER, KATOSH PANTOLIANO'S, AFFIDAVIT IN SUPPORT OF:

(ADDING: TO RECENT "PETITION-MOTION TO DISMISS" DATED FROM APRIL 16TH. AND APRIL 25TH. OF 2011): MOTION TO

DISMISS INDICTMENT NO.10-CR-00068-(S-2)-(SJ) PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 12 (b)(2)

FOR- "INCURABLE STRUCTURAL DEFECT"...

COMES NOW, PETITIONER, KATOSH PANTOLIANO, VIA PRO PER IN PROPRIA PERSONA PROCEEDING SUI JURIS IN THE ABOVE

CAPTIONED CASE AND TITLED, PETITION, MOTION, CLAIM, AFFIDAVIT, AND MOVES THIS COURT TO DISMISS

*INDICTMENT NO.10-CR-00068-(S-2)-(SJ)* AGAINST KATOSH PANTOLIANO AND TO ORDER HIS RELEASE.

———————————

1.) 14th. Amend.
2.) 6th. Amend.
3.) 5th. Amend.
4.) 4th. Amend.

[AFFIDAVIT OF KATOSH PANTLOIANO, VIA FED.RUL.CIV.P.56(f)]

[1.] The instant case presents an unusual and curious dilemma for this court. The AUSA'S, case Agent, and Detective in this

case has taken a novel position which "cannot" be remedied by the court as the prejudice inflicted upon this Petitioner by the

government has no cure as it is impossible to remove its negative impact upon the court, and may only be remedied by

dismissal with prejudice.

--------------------------------------------------------------------------------------------------

[2.] Petitioner, Katosh Pantoliano has recently filed Petition-Motions, Letters, and Subpoena's to the court in reference to a disturbing event that took place on (April 6th, 2011). This event is in regards to the "Questionable-Interrogation" that took place during the governments orchestrated attempted-alleged- DNA-testing on April 6th., 2011 - where case Agent Ayesha R. Winston and Detective Raymond Brockman entered the MDC-facility and had Pantoliano escorted to a room. When Pantoliano arrived in the room, the Agent and Detective stated to him "we are here to give a DNA-Test". He told them, "you already have my DNA", which they "confirmed"... (see DCJS, Office of Forensic Services, phone 1-800-262-3257). He further stated, "why *do you want my DNA again if you already have it*". They stated, "because we want answers to our questions". At that time he was further interrogated with quick-questions pertaining to his case which Pantoliano tried not to answer during such coercive and manipulate-tactical-questioning, which he failed by answering quickly so he could be brought back to his housing unit.

[3.] At the time of this disturbing and "Questionable Interrogation" Pantoliano was inside of a room without his Attorney-Mr.Hurwitz (who was on record at the time) and answered certain questions that the Agent and AUSA's could use against him in this case, which can and will prejudice his defense, thus violating Pantoliano's Sixth Amendment right to counsel. The Sixth Amendment Right to counsel attaches "at the initiation of adversary judicial proceedings" such as arraignment or filing of an indictment.(See, United States v. Yousef, 329 F.3d 56, 140 (2d. Cir. 2003). Pantoliano was deprived the right to counsel during this disturbing contact with the case Agent and Detective. The Agent and Detective used the excuse of "DNA-testing" when they already have and had Pantoliano's DNA in the Office for Forensic Files, DNA-Data-bank-(See-Rule 16-Discovery-disclosure in docket entry 16, and docket entry 83) to interrogate him in a room in the MDC-facility to try to gain information *from him without his counsel being present*. A Sixth Amendment violation occurs, however, only if the government has taken an action "that was designed deliberately to elicit incriminating remarks.(See, United States v. Rosa, 11 F.3d 315, 329-(2d. Cir. 1993). These prejudice-tactics used by the Agent and the AUSA's is in violation of Due Process of Law, and violates Petitioner's Equal Protection of the Law, which can and will have a major affect and contaminate the outcome of his case.

[4.] During such quick-coercive-manipulative-questioning, Pantoliano answered such questions fast and did not realize that the Agent and Detective could use such answers to prejudice his defense. The prejudice herein is extreme.... 1.) Will the court be inclined to consider factors in mitigation for downward departure after Pantoliano answered quick questions that can and will effect the outcome of defendants case and trial ?  2.) Would the prosecution be inclined to offer a reasonable plea knowing Pantoliano was in contact with the case-Agent and Detective without his counsel present ?  The obvious answer is-"NO"! This prejudice can not be cured. 3.) Will this court give any serious weight to the Petitioner's "Petition-Motion-to-

--------------------------------------------------------------------------------------------------------

Dismiss" dated from (April 16th. and April 25th.,2011) for other Due Process Violations involved in this case ? A reasonable

review of fact in light of the bias-and-partial energy thats been directed towards Pantoliano for the filing of Pro-se Motions

and Constitutional claims would conclude,"NO"! There is no doubt the prejudice visited upon Pantoliano is uncurable.

[5.] These prejudice-tactics orchestrated by the AUSA's, case Agent, and Detective is contrary and obviously in retaliation to

the numerous Pro-se-Motions and Letters filed by this Petitioner regarding the meritorious issues of illegal Search and-

Seizure, presenting (FALSE-EVIDENCE) on a defective Arrest Warrant on (December 17th.,2009), and again now on another

*defective Search Warrant* on (April 4th.,2011), and during a Suppression Hearing on October 18th.,2010, as well as to a

Federal Grand Jury on (February 2nd.,2010). The "FALSE-EVIDENCE" presented in this case is in violation of Due Process...

(See, Napue v. Illinois, 360 U.S. 264, 3 L.Ed. 2d 1217, 79 S.Ct 1173-(1959)). Plus, tampering with the alleged civilian witness

in this case (who is in fact not even a witness to a crime) by orchestrating the same "Questionable-Interrogation" (that was

orchestrated on Pantoliano) and coercive-manipulative-tactics on this alleged-civilian-witness, etc... A defendant has a Due

Process defense to prosecution where (1.) The government's conduct violates a protected right of the defendant and-

( 2.) the governments conduct is sufficiently outrageous. (See, United States v. Cuervelo, 949 F.2d 599, 565 (2d. Cir.

1991).....The AUSA's have lost sight of justice by tampering with the alleged witness...(See, United States v. Griffin, 856

F.Supp. 1293, 1300- (N.D. I11.1194)....

[6.] The case Agent asked Pantoliano quick questions without his counsel being present (depriving Pantoliano's right to

counsel during every stage of the case) and by Pantoliano quickly answering such questions while in a frenzy - gives the

*AUSA's the advantage of using* such answers and information to prejudice his defense and affect the outcome of his case and

trial. Even if the AUSA's claim that they are not using any statements Pantoliano made, it is still extremely prejudice, and an

unfair advantage on the AUSA's part because they can and will use the statements to advance in their investigation and in the

case against Pantoliano. An error of this magnitude is structural and creates uncurable prejudice as it leaves Pantoliano in a

disadvantage constructively denying  Pantoliano a fair defense in violation of Due Process, violating Equal Protection of the

Law, and will prejudice the court and Pantoliano by the case Agent and Detective having such contact with Pantolaino without

his counsel being present during this questionable-contact.

[7.] There is no cure to a structural error as the prejudice is so grave that it is not subject to harmless error analysis.

See, Arizona v. Fulminante (499 U.S. 279)(1991).

TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-C

-----------------------------------------------------------------------------------------------------

WHEREFORE, all premises considered the Petitioner, Katosh Pantoliano prays entry of an order dismissing the case with prejudice.


| | | |
|---|---|---|
| Pro Per In | Respectfully Submitted By | Signed Under |
| Propria Persona | Petitioner,Claimant, Affiant | Penalties Of |
| Proceeding | Katosh Pantoliano,77941-053 | Perjury |
| Sui Juris | MDC-BKLYN, P.O. Box 329002 | |
| | Brooklyn, N.Y. 11232 | |


CERTIFICATE OF SERVICE:
I, Katosh Pantoliano, hereby certify that this
Petition,Motion,Affidavit was sent via U.S. mail,
Postage Prepaid on this 8th.day of May 2011-
to the following:


| | | |
|---|---|---|
| Honorable Sterling Johnson Jr. | AUSA- Ali Kazemi | Clerk of U.S. District Court |
| United States District Judge | U.S. Attorneys Office | Eastern District of New york |
| Eastern District of New York | Eastern District of New York | 225- Cadman Plaza East |
| 225- Cadman Plaza East | 271- Cadman Plaza East | Brooklyn, N.Y. 11201 |
| Brooklyn, N.Y. 11201 | Brooklyn, N.Y. 11201 | |


c.c....File: