FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 03 2011 ★
BROOKLYN OFFICE

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225-CADMAN PLAZA EAST            JUNE 1st., 2011
BROOKLYN, N.Y. 11201

RE: United States v. Katosh Pantoliano, 10-CR-000-68-(SJ);
(To: Add and Attach the enclosed exhibits A, B,
and C to "Affidavit-in-Support" of "Petition-
Motion-to-Dismiss" dated June 1st., 2011)...

CLERK OF U.S. DISTRICT COURT...)

Enclosed with this letter are exhibits
A, B, and C that need to be "ATTACHED" to
my "Affidavit in Support" of my "Petition-Motion-
to-dismiss" dated (June 1st., 2011)...
I greatly appreciate your help and
assistance in this matter.
Thank You for your time once again.

Respectfully Submitted by:
Petitioner, Katosh Pantoliano, 77941-053
MDC-BKlyn., P.O. Box 329002
Brooklyn, N.Y. 11232

C.C. File:

EXHIBIT "A"

1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
      - - - - - - - - - - - - - X
 3
         UNITED STATES OF AMERICA,    :    10-CR-68(SJ)
 4                                    :
                                      :    U.S. Courthouse
 5                                    :    Brooklyn, New York
            -against-                 :
 6                                    :    TRANSCRIPT OF
                                      :    PROCEEDINGS
 7                                    :
                                      :
 8       KATOSH PANTOLIANO,           :    April 28, 2011
                                      :    9:30 a.m.
 9             Defendant.             :
                                      :
10    - - - - - - - - - - - - - X

11   BEFORE:
                   HONORABLE STERLING JOHNSON, JR., U.S.D.J.
12
     APPEARANCES:
13
     For the Government:        LORETTA E. LYNCH, ESQ.
14                              United States Attorney
                                271 Cadman Plaza East
15                              Brooklyn, New York 11201
                                BY:  CELIA COHEN, ESQ.
16                                   ALI KAZEMI, ESQ.
                                     Assistant U.S. Attorneys
17

18

19   For the Defendant:        MICHAEL HURWITZ, ESQ.

20

21

22
     Court Reporter:     Holly Driscoll, CSR
23                       Official Court Reporter
                         225 Cadman Plaza East
24                       Brooklyn, New York 11201
                         (718) 613-2274
25   Proceedings recorded by mechanical stenography, transcript
     produced by Computer-Assisted Transcript.
```

2

1    THE CLERK:  USA versus Katosh Pantoliano.

2    THE COURT:  This is a superseding indictment?

3    MS. COHEN:  We've been arraigned on that.

4    MR. KAZEMI:  Your Honor, Ali Kazemi and Celia Cohen

5    for the United States.

6    There is a superseding indictment, however, the

7    additional charge, which is Count Six, does not pertain to

8    Mr. Pantoliano, only to Mr. Tuozzo.

9    THE COURT:  But if he's the subject of an

10   indictment, he still has to be arraigned.

11   MR. KAZEMI:  That's correct, Your Honor.

12   MS. COHEN:  Yes.

13   THE COURT:  Do you waive the reading and plead not

14   guilty?

15   MR. HURWITZ:  That's correct.

16   THE COURT:  What are we going to do with this?

17   MR. HURWITZ:  Well, I think the first order of

18   business is to deal with the letter that was filed on

19   April 25th, a letter to Your Honor from Mr. Pantoliano

20   requesting change of counsel due to ineffective assistance.

21   THE COURT:  Well, first of all, that would relate to

22   the old indictment.  This is a new indictment.

23   MR. HURWITZ:  When --

24   THE COURT:  Pardon me?

25   MR. HURWITZ:  When was the new indictment filed?

3

1          THE COURT:  This is a superseding indictment.

2          MR. HURWITZ:  Yes.  When was the new indictment

3   filed?  This letter is dated April 21 and filed April 25th,

4   just recently, Your Honor.

5          MS. COHEN:  It was filed after the superseding

6   indictment.

7          THE COURT:  Well, technically he does not have a

8   lawyer.

9          MR. HURWITZ:  No, I've been assigned, Your Honor.

10          THE COURT:  You've been assigned to this new

11   superseding indictment?

12          MR. HURWITZ:  I'm not aware that I have to be

13   assigned to each and every new indictment, Your Honor, as far

14   as I understood things.

15          THE COURT:  Okay.

16          MR. HURWITZ:  My understanding was I was assigned,

17   as Your Honor pointed out, to the other -- the preceding

18   indictment.  Now comes the superseding.

19          THE COURT:  Now, Mr. Pantoliano, you say you do not

20   want Mr. Hurwitz as your lawyer.  You have had another lawyer

21   who was relieved.  Do you have money for a new lawyer?

22          THE DEFENDANT:  No, I do not, Your Honor.

23          THE COURT:  Okay.  Well, what I am going to do --

24   what is your position, Mr. Hurwitz?

25          MR. HURWITZ:  Your Honor, it's Mr. Pantoliano's

4

1  application.  I was unaware of this.  Until I visited

2  Mr. Pantoliano the other day I was unaware of it, he didn't

3  mention anything and then I saw the letter subsequently and I

4  see that's his position, Your Honor, so I don't know, I would

5  ask Your Honor to grant a new lawyer if that's what he wants.

6          THE COURT:  I am going to appoint another lawyer, a

7  brand new lawyer on this indictment.  This will have been the

8  third lawyer for Mr. Pantoliano.  You will get no other lawyer

9  unless you pay for that lawyer.  If for some reason this new

10  lawyer, who's going to be assigned to you free of charge, you

11  don't get along with him and you feel that he's not doing what

12  you would like him to do, then you will have to proceed pro

13  se.  Do you know what that means?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Okay.  So, who's on duty?

16          THE CLERK:  Judge, I have to check the list, I don't

17  have it with me, it's on my desk.

18          THE COURT:  We will assign someone from CJA.  So,

19  what day do we want to have the status conference?

20          MS. COHEN:  30 days, Your Honor.

21          THE COURT:  No, no, we have to bring him back.

22          MS. COHEN:  Oh, for the new lawyer.

23          THE COURT:  Can you do you it tomorrow or what's

24  tomorrow --

25          THE CLERK:  Next week.

5

1          MS. COHEN:  Yes.

2          THE COURT:  We'll do it one day next week then.

3          THE CLERK:  May 5th at 9:30.

4          MR. KAZEMI:  Sure.

5          THE COURT:  Now, we are ready to go to trial with

6    this?

7          MR. KAZEMI:  Yes, Your Honor.  There is one

8    pending matter.  The government attempted to obtain a DNA

9    sample from Mr. Pantoliano in order to attempt to match it

10   to some items that were recovered from a car.  Mr. Pantoliano

11   has filed a motion to suppress.  That motion is pending.  I

12   believe Mr. Hurwitz had intended to file some supplemental

13   papers but now that Mr. Pantoliano has new counsel, I suppose

14   new counsel --

15          THE COURT:  When we come in next week we will

16   address it.

17          MR. HURWITZ:  May I tell Your Honor what I'm aware

18   of concerning that?

19          THE COURT:  Yes.

20          MR. HURWITZ:  I'm aware of the DNA motion that

21   Mr. Pantoliano filed, I've spoken to him about it.

22          THE COURT:  Mr. Pantoliano filed a DNA motion?

23          MR. HURWITZ:  He did, Your Honor.  I've been aware

24   of it.  He filed it, it hasn't been adopted by counsel as of

25   this moment.  I've been working on motions including the DNA

6

1   motion and I'll make my work available to the new counsel so

2   he could do as he chooses but since I got the case I've been

3   working on the case, reviewing the files, working on motions,

4   etc., and I'll make that work available.

5            THE COURT:  Okay.  In addition to Mr. Pantoliano

6   having the third lawyer, he has also been filing a number of

7   pro se motions and I had admonished him that he has a lawyer,

8   that he should file any motions that he wants through his

9   lawyer, yet he still persists.  We will deal with that when

10  the new lawyer comes in.

11           Now, basically it's a motion to suppress, is that

12  what the --

13           MR. KAZEMI:  That is essentially correct, Your

14  Honor.  The government had obtained a search warrant to get a

15  sample of Mr. Pantoliano's DNA in order to attempt to match it

16  to some items that were recovered near the crime scene.

17  Mr. Pantoliano has filed a motioning to suppress or quash --

18  it is a pro se motion -- the government's search warrant for

19  his DNA.

20           MR. HURWITZ:  Well, Your Honor, that is correct.

21  There are other motions, as Your Honor is aware, that

22  Mr. Pantoliano filed.  As I told the Court, I was working on

23  various motions also beyond the DNA, the suppression would

24  include property --

25           THE COURT:  I think I spoke to Mr. Pantoliano about

HOLLY DRISCOLL, CSR
OFFICIAL COURT REPORTER

7

1  bifurcated representation. He has a lawyer. I will be
2  dealing --

3      MR. HURWITZ: I'm talking about the motions that
4  I'll be working on and passing on to the attorney.

5      THE COURT: Okay.

6      MR. HURWITZ: And I wanted to apprise Your Honor
7  since you asked what motions were pending, if I may.

8      THE COURT: Yes, go ahead.

9      MR. HURWITZ: There are motions pending that I think
10 are viable that the next attorney may choose to file but the
11 motions I've been working on included the DNA motion, motions
12 to suppress physical property for no probable cause to arrest
13 the defendant, there may be motions concerning Brady material,
14 grand jury inspection by Your Honor, along those lines, Your
15 Honor.

16     THE COURT: Now, basically what are the facts of
17 this case?

18     MR. KAZEMI: Your Honor, this defendant is charged
19 in five of the six counts of the superseding indictment. The
20 first two counts relate to the defendant's participation in a
21 series of Hobbs Act robberies in the summer of 2008. Counts
22 Three, Four and Five relate to the defendant's participation
23 in a single street robbery, Hobbs Act robbery in September
24 of 2009. Those are the basic facts.

25     I should also note the defendant has a co-defendant,

8

1   Anthony Tuozzo, who now has motions pending before Judge Gold,

2   a motion to sever and a motion to suppress.

3          MR. HURWITZ:  And there was also a motion that used

4   to be pending in front of Judge Gold, it was ruled upon Judge

5   Gold and Your Honor, suppressing identification in terms of

6   the street robbery, Counts Three through Five.

7          THE COURT:  Okay.  We'll put it on one day next week

8   then.

9          THE CLERK:  May 5th at 9:30.

10         THE COURT:  How long would it take to try this case?

11         MS. COHEN:  We've been saying about a week and a

12  half.

13         THE COURT:  Okay.

14         MR. HURWITZ:  Your Honor, could the new attorney get

15  in touch with counsel so I'll make the files available.

16         THE COURT:  We'll find out who it is and he'll get

17  in touch with you.

18         MR. HURWITZ:  Thank you, Your Honor.

19         THE COURT:  As usual, you'll assist him with what

20  you've done on the case.

21         MR. HURWITZ:  Thank you.

22         THE CLERK:  Judge, it's Richard Lind and I'm just

23  e-mailing him now.

24         THE COURT:  Okay.

25         Now, is he in the building?

9

1              THE CLERK:  He should be.  I can try calling him.

2              THE COURT:  You know what we'll do, we'll see if we

3      can hold the defendant until maybe the last bus so if Mr. Lind

4      is in the building, he can have an opportunity to talk to the

5      defendant.

6              And, again, this is your last lawyer, you're going

7      to go it alone and the only help you'll have will be the MDC

8      Bar Association.  Okay.

9              THE DEFENDANT:  Yes.

10             MR. KAZEMI:  Thank you, Your Honor.

11             MS. COHEN:  Thank you, Your Honor.

12             (Time noted:  9:45 a.m.)

13             (End of proceedings.)

14

15

16

17

18

19

20

21

22

23

24

25

| | COMPLAINT - FOLLOW UP<br>INFORMATIONAL REPORT - INTERVIEW | Crime/Condition<br>ROBBERY | Cmd Code<br>68 | Date of This Report<br>10/01/2009 |
|---|---|---|---|---|

| Date of UF61<br>09/28/2009 | Date Case Assigned<br>09/29/2009 | Complaint No.<br>2009-068-05187 | Case No.<br>925 | Unit Reporting<br>SQUAD | | Follow-Up No.<br>1 |
|---|---|---|---|---|---|---|

| Complainant's Name | Nickname/Alias/Middle Name | Address<br>232 93 STREET BROOKLYN NY | | Apt No.<br>232 |
|---|---|---|---|---|
| Sex<br>MALE | Race<br>WHITE | Date of Birth<br>04/29/1978 | Age<br>31 | |
| Home Telephone | Business Telephone | Cell Phone<br>917-930-3874 | Beeper # | E-Mail Address |

**Topic/Subject:**
**(INTERVIEW) FIRST RESPONDERS**

**Summary of Investigation:**
1. On September 28, 2009, at approximately 2100 HOURS, DET. SOTO AND MYSELF, IN RMP #433, REF PAGE #301, DID RESPOND TO 268 OVINGTON AVENUE IN REGARDS TO ROBBERY. THERE, I CONDUCTED AN INTERVIEW OF FIRST RESPONDERS PO BYRNE #25024 AND SGT RYAN #5238 WHOM STATED IN SOME AND SUBSTANCE THAT THEY RECEIVED A CALL OF A 1010, SHOTS FIRED, AT APPROXIMATELY 2031 HOURS AT THE CORNER OF OVINGTON AND 3RD AVE.

RESPONDERS FURTHER STATED THAT UPON ARRIVAL, THEY WERE APPROACHED BY C/V WHO STATED THAT HE WAS JUST ROBB ED AND SHOT AT. C/V GAVE RESPONDERS DIRECTION OF PERP'S FLIGHT. SHORTLY AFTER, RESPONDERS CAME IN CONTACT WITH ONE JOSE SANTAMARIE WHO WITNESSED THE PERP ENTER A VEHICLE, ON 3RD AVENUE, WHICH FLED S/B ON 3RD AVENUE.
WITNESS THEN GIVE PLATES NUMERIC INFO TO OFFICERS WHOM DISPATCHED IT TO OTHER UNITS OVER NYPD RADIO AND CANVASS WAS CONDUCTED.

PO BYRNE BROUGHT TO MY ATTENTION AFTER ARRIVING TO SCENE SPENT SHELL CASING OF .380 AUTO CAL. F/O 268 OVINGTON AVENUE WHICH WAS LATER RECOVERED BY PO HOARLE OF P BBS / ECT.

ACTIVE CASE....

| Reporting Officer: | Rank<br>POM | Name<br>MICHAEL SIMMONDS | | Tax Reg. No. | Command<br>288 |
|---|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed<br>10/06/2009 | Date of Next Review | Name<br>KEVIN FITZGERALD | Supv. Tax No. |

EXHIBIT "C"

| COMPLAINT - FOLLOW UP INFORMATIONAL REPORT - GENERAL INVESTIGATION | | Crime/Condition ROBBERY | Cmd Code 68 | Date of This Report 10/01/2009 |
|---|---|---|---|---|

| Date of UF61 09/28/2009 | Date Case Assigned 09/29/2009 | Complaint No. 2009-068-05187 | Case No. 925 | Unit Reporting SQUAD | Follow-Up No. 7 |
|---|---|---|---|---|---|

| Complainant's Name | Nickname/Alias/Middle Name NONE | Address 232 93 STREET BROOKLYN NY | | Apt No. 232 |
|---|---|---|---|---|
| Sex MALE | Race WHITE | Date of Birth 04/29/1978 | Age 31 | |
| Home Telephone 000-000-0000 | Business Telephone 000-000-0000 | Cell Phone 917-930-3874 | Beeper # 000-000-0000 | E-Mail Address NONE@NONE.COM |

**Topic/Subject:**
VEHCILE LOCATED

**Summary of Investigation:**
1. On September 28, 2009, at approximately 2118 HOURS PO CARMELLO AND PO DIAZ ASSINGNED TO 68 SECTOR DAVID CANVASS FOR WANTED VEHICLE. VEHICLE WAS LOCATED PARKED OPPOSITE 190 BATTERY AVENUE PLATE CONFIRMED AS NEW YORK REGISTERED# EGM1101.

CASE ACTIVE.

| Reporting Officer: | Rank POM | Name MICHAEL SIMMONDS | | Tax Reg. No. | Command 288 |
|---|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed 10/23/2009 | Date of Next Review | Name KEVIN FITZGERALD | Supv. Tax No. |