FROM: 77941053
TO:
SUBJECT: Petition-Motion-to-Dismiss (was never filed)....
DATE: 6/8/2011 6:58:28 PM

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 13 2011 ★

BROOKLYN OFFICE

CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225-CADMAN PLAZA EAST
BROOKLYN, N.Y. 11201

DATE: JUNE 8TH.,2011....

RE: United States v. Katosh Pantoliano, 10-cr-00068-(S-2)-(SJ);
(To: file "Petition-Motion-to-Dismiss" and attached "Exhibits" that-
were mailed on June 1st.,2011)....

Clerk of U.S. District Court...,

Enclosed with this letter is a "Petition-Motion-Affidavit-to-Dismiss" and attached "Exhibits" that I recently mailed to the court and to the U.S. Attorney's Office (to AUSA Ali Kazemi) on June 1st.,2011. These documents mentioned were never filed on the docket-report because there is no such documentation of these documents being filed with the court. I also need the court to be aware that I also mailed a courtesy-copy of this "Petition-Motion-to-Dismiss" to AUSA- Ali Kazemi. Therefore, the court and the record needs to reflect that the government is in possession of these documents that the Court Clerk has never recieved or docketed on the docket-report, creating a constructural-structural-defect under Due Process by the government having access to documents that the court and my attorney are not aware of. Wherefore, I would greatly appreciate if you could please Docket and File the enclosed "Petition-Motion-to-Dismiss" and attached "Exhibits". Thank you for your time once again.

Respectfully Submitted by:
Katosh Pantoliano, 77941-053
MDC-BKLYN., P.O. Box 239002
Brooklyn, N.Y. 11232

c.c...file....

FROM: 77941053
TO:
SUBJECT: (Adding):to "Petition-Motion-to-Dismiss"
DATE: 6/1/2011 6:34:52 PM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

————————————————x
KATOSH PANTOLIANO,
        Petitioner.

    -against-

UNITED STATES OF AMERICA,
        Respondent.
————————————————x

(ADDENDUM)
MOTION-TO-DISMISS
10-CR-00068-(S-2)-(SJ)
HONORABLE
STERLING JOHNSON JR.
U.S.D.J.-E.D.N.Y.

DEFENDANT, KATOSH PANTOLIANO'S AFFIDAVIT IN SUPPORT OF:

(ADDING TO: RECENTLY FILED "PETITION-MOTION-TO-DISMISS" IN REGARDS TO PETITIONER BEING ILLEGALLY DETAINED IN VIOLATION OF THE DUE-PROCESS-CLAUSE OF THE UNITED STATES CONSTITUTION, IN DOCKET-ENTRIES 89,92,98,AND104)...

(PETITION-MOTION TO DISMISS)- INDICTMENT NO. 10-CR-00068-(S-2)(SJ) PURSUANT TO RULE 12 (b) (2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURES FOR "PROSECUTORIAL-MISCONDUCT" IN REGARDS TO AUSA ALI KAZEMI "KNOWIINGLY" PRESENTING "FALSE-EVIDENCE" DURING AN ARRAIGNMENT PROCEEDING ON APRIL 28TH.,2011...

COMES NOW DEFENDANT KATOSH PANTOLIANO, VIA PRO PER IN PROPRIA PERSONA PROCEEDING SUI JURIS IN THE ABOVE CAPTIONED CASE AND TITLED PETITION, MOTION , CLAIM , AFFIDAVIT:

_____
5th. Amend.

[AFFIDAVIT OF, KATOSH PANTOLIANO VIA,FED.R.CIV.P. 56(f)]...

[1.] This is an Addendum once again to Katosh Pantoliano's (hereinafter refered to as "Pantoliano") recently filed "Petition-Motion-to-Dismiss" (See, docket-entries 89,92,98, and 104) in regards to the numerous Due Process Violations that have been constantly occurring in this case.

[2.] Attached hereto with this Petition-Motion is a copy of the court transcripts from Pantoliano's Arraignment proceeding that

was held on April 28th.,2011. Attached also is an "NYPD-Report" revealing the location of the alleged crime-scene, and another "NYPD-Report" revealing the location of this car that is mentioned at the Arraignment. During this Arraignment on the governments superseding indictment (S-2), AUSA Ali Kazemi (hereinafter refered to as "Mr. Kazemi") presented "FALSE-EVIDENCE" to the court. This constant habit of the government ,Mr. Kazemi, and the case-Agent Ayesha R. Winston presenting false-evidence seems to be a continuing matter in this case. However, this intentional ,egregious misconduct is unconstitutional and in violation of the Due Process Clause of the United States Constitution.

[3.] In the attached transcript.....Mr. Kazemi specifically states on the record (See, attached transcript page 5):

> "There is one pending matter. the government attempted to obtain a DNA sample from Mr. Pantoliano in order to attempt to match it to some items that were recovered from a car. Mr. Pantoliano has filed a motion to suppress. That motion is pending."

Mr. Kazemi further states on the record (See, attached transcript page 6):

> "the government had obtained a search warrant to get a sample of Mr. Pantoliano's DNA in order to attempt to match it to some items that were recovered near the crime scene".

Mr. Kazemi once again has tried to mislead the court and steer the court into believing "FALSE-EVIDENCE" because it clearly states on the attached "NYPD-Report" (Exhibit B) that the crime-scene is at 268 Ovington avenue, and that the car was located at 190 Battery avenue (Exhibit C). Basically, Mr. Kazemi knows that the alleged crime scene on Ovington avenue is no-where near the location of the car on Battery avenue. Therefore, these alleged items that Mr. Kazemi claims were found "near the crime scene" were in fact not even close to being found near the crime scene. So, why would Mr. Kazemi present such "FALSE-EVIDENCE" on the record when he in fact knows from the "NYPD-Reports" that this car (with items in it) was not found near the crime scene? Why does the court continuously allow the Prosecutor's and case-Agent to constantly present "FALSE-EVIDENCE" and wrongly accuse an innocent person? Where is the justice in this court? There is no evidence to support that Pantoliano robbed or knowingly conspired to robb anyone mentioned in counts 3,4, and 5 in the indictment. There is no evidence in support of the elements of the crimes charged against Pantoliano in counts 1 and 2 in this indictment. Pantoliano did not violate the Statutes charged in the indictment .Moreover, Pantoliano is being illegally detained in regards to these constant Due Process Violations that have been raised to the court.

[4.] In addition,Mr.Kazemi states to the court during the Arraignment on April 28th that-
(See, attached Arraignment transcript page 5):

> "Mr. Pantoliano has filed a motion to Suppress. That motion is pending".

However, Pantoliano has recently filed a "Petition-Motion-to-Dismiss" the entire indictment based on the government, Mr.Kazemi, and Agent Ayesha R. Winston's habit of constantly presenting "FALSE-EVIDENCE" in this case in order to convict Pantoliano at any cost, in violation of the Due Process Clause of the United States Constitution. Pantoliano hereby would like to withdrawl any motions to Suppress that were filed and Supplement them with the updated "Petition-Motion-to-Dismiss" that has been filed with Addendums and attached exhibits.

WHEREFORE, Petitioner Katosh Pantoliano respectfully request this court to Dismiss the entire indictment and order Petitioner's immediate release.

| PRO PER IN | RESPECTFULLY SUBMITTED BY: | SIGNED UNDER |
| PROPRIA PERSONA | PETITIONER, CLAIMANT, AFFIANT: | PENALTIES OF |
| PROCEEDING | KATOSH PANTOLIANO,77941-053 | PERJURY |
| SUI JURIS | MDC-BKLYN, P.O. BOX 329002 | |
| | BROOKLYN, N.Y. 11232 | |

CERTIFICATE OF SERVICE:
I DEFENDANT, KATOSH PANTOLIANO, HEREBY CERTIFY THAT THIS
PETITION, MOTION WAS SENT VIA U.S. MAIL, POSTAGE PREPAID
ON THIS 1ST. DAY OF JUNE 2011 TO THE FOLLOWING:

| HONORABLE STERLING JOHNSON JR. | U.S. ATTORNEYS OFFICE | CLERK OF U.S. DISTRICT COURT |
| UNITED STATES DISTRICT JUDGE | AUSA- ALI KAZEMI | EASTERN DISTRICT OF NEW YORK |
| EASTERN DISTRICT OF NEW YORK | EASTERN DISTRICT OF NEW YORK | 225- CADMAN PLAZA EAST |
| 225-CADMAN PLAZA EAST | 271- CADMAN PLAZA EAST | BROOKLYN N.Y. 11201 |
| BROOKLYN, N.Y. 11201 | BROOKLYN, N.Y. 11201 | |

C.C...:FILE

```
                                                                    1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - - - - X

    UNITED STATES OF AMERICA,      :    10-CR-68(SJ)
                                   :
                                   :    U.S. Courthouse
                                   :    Brooklyn, New York
           -against-               :
                                   :    TRANSCRIPT OF
                                   :    PROCEEDINGS
                                   :
    KATOSH PANTOLIANO,             :    April 28, 2011
                                   :    9:30 a.m.
             Defendant.            :
    - - - - - - - - - - - - - - X

    BEFORE:
                 HONORABLE STERLING JOHNSON, JR., U.S.D.J.

    APPEARANCES:

    For the Government:       LORETTA E. LYNCH, ESQ.
                              United States Attorney
                              271 Cadman Plaza East
                              Brooklyn, New York 11201
                         BY:  CELIA COHEN, ESQ.
                              ALI KAZEMI, ESQ.
                              Assistant U.S. Attorneys




    For the Defendant:        MICHAEL HURWITZ, ESQ.




    Court Reporter:     Holly Driscoll, CSR
                        Official Court Reporter
                        225 Cadman Plaza East
                        Brooklyn, New York 11201
                        (718) 613-2274
    Proceedings recorded by mechanical stenography, transcript
    produced by Computer-Assisted Transcript.
```

2

1         THE CLERK: USA versus Katosh Pantoliano.

2         THE COURT: This is a superseding indictment?

3         MS. COHEN: We've been arraigned on that.

4         MR. KAZEMI: Your Honor, Ali Kazemi and Celia Cohen
5 for the United States.

6         There is a superseding indictment, however, the
7 additional charge, which is Count Six, does not pertain to
8 Mr. Pantoliano, only to Mr. Tuozzo.

9         THE COURT: But if he's the subject of an
10 indictment, he still has to be arraigned.

11         MR. KAZEMI: That's correct, Your Honor.

12         MS. COHEN: Yes.

13         THE COURT: Do you waive the reading and plead not
14 guilty?

15         MR. HURWITZ: That's correct.

16         THE COURT: What are we going to do with this?

17         MR. HURWITZ: Well, I think the first order of
18 business is to deal with the letter that was filed on
19 April 25th, a letter to Your Honor from Mr. Pantoliano
20 requesting change of counsel due to ineffective assistance.

21         THE COURT: Well, first of all, that would relate to
22 the old indictment. This is a new indictment.

23         MR. HURWITZ: When --

24         THE COURT: Pardon me?

25         MR. HURWITZ: When was the new indictment filed?

3

1  THE COURT: This is a superseding indictment.
2  MR. HURWITZ: Yes. When was the new indictment
3  filed? This letter is dated April 21 and filed April 25th,
4  just recently, Your Honor.
5  MS. COHEN: It was filed after the superseding
6  indictment.
7  THE COURT: Well, technically he does not have a
8  lawyer.
9  MR. HURWITZ: No, I've been assigned, Your Honor.
10  THE COURT: You've been assigned to this new
11  superseding indictment?
12  MR. HURWITZ: I'm not aware that I have to be
13  assigned to each and every new indictment, Your Honor, as far
14  as I understood things.
15  THE COURT: Okay.
16  MR. HURWITZ: My understanding was I was assigned,
17  as Your Honor pointed out, to the other -- the preceding
18  indictment. Now comes the superseding.
19  THE COURT: Now, Mr. Pantoliano, you say you do not
20  want Mr. Hurwitz as your lawyer. You have had another lawyer
21  who was relieved. Do you have money for a new lawyer?
22  THE DEFENDANT: No, I do not, Your Honor.
23  THE COURT: Okay. Well, what I am going to do --
24  what is your position, Mr. Hurwitz?
25  MR. HURWITZ: Your Honor, it's Mr. Pantoliano's

4

1  application.  I was unaware of this.  Until I visited
2  Mr. Pantoliano the other day I was unaware of it, he didn't
3  mention anything and then I saw the letter subsequently and I
4  see that's his position, Your Honor, so I don't know, I would
5  ask Your Honor to grant a new lawyer if that's what he wants.
6          THE COURT:  I am going to appoint another lawyer, a
7  brand new lawyer on this indictment.  This will have been the
8  third lawyer for Mr. Pantoliano.  You will get no other lawyer
9  unless you pay for that lawyer.  If for some reason this new
10 lawyer, who's going to be assigned to you free of charge, you
11 don't get along with him and you feel that he's not doing what
12 you would like him to do, then you will have to proceed pro
13 se.  Do you know what that means?
14         THE DEFENDANT:  Yes, Your Honor.
15         THE COURT:  Okay.  So, who's on duty?
16         THE CLERK:  Judge, I have to check the list, I don't
17 have it with me, it's on my desk.
18         THE COURT:  We will assign someone from CJA.  So,
19 what day do we want to have the status conference?
20         MS. COHEN:  30 days, Your Honor.
21         THE COURT:  No, no, we have to bring him back.
22         MS. COHEN:  Oh, for the new lawyer.
23         THE COURT:  Can you do you it tomorrow or what's
24 tomorrow --
25         THE CLERK:  Next week.

*HOLLY DRISCOLL, CSR*
*OFFICIAL COURT REPORTER*

5

1  MS. COHEN:  Yes.

2  THE COURT:  We'll do it one day next week then.

3  THE CLERK:  May 5th at 9:30.

4  MR. KAZEMI:  Sure.

5  THE COURT:  Now, we are ready to go to trial with
6  this?

7  MR. KAZEMI:  Yes, Your Honor.  There is one
8  pending matter.  The government attempted to obtain a DNA
9  sample from Mr. Pantoliano in order to attempt to match it
10 to some items that were recovered from a car.  Mr. Pantoliano
11 has filed a motion to suppress.  That motion is pending.  I
12 believe Mr. Hurwitz had intended to file some supplemental
13 papers but now that Mr. Pantoliano has new counsel, I suppose
14 new counsel --

15 THE COURT:  When we come in next week we will
16 address it.

17 MR. HURWITZ:  May I tell Your Honor what I'm aware
18 of concerning that?

19 THE COURT:  Yes.

20 MR. HURWITZ:  I'm aware of the DNA motion that
21 Mr. Pantoliano filed, I've spoken to him about it.

22 THE COURT:  Mr. Pantoliano filed a DNA motion?

23 MR. HURWITZ:  He did, Your Honor.  I've been aware
24 of it.  He filed it, it hasn't been adopted by counsel as of
25 this moment.  I've been working on motions including the DNA

6

1  motion and I'll make my work available to the new counsel so
2  he could do as he chooses but since I got the case I've been
3  working on the case, reviewing the files, working on motions,
4  etc., and I'll make that work available.
5        THE COURT:  Okay.  In addition to Mr. Pantoliano
6  having the third lawyer, he has also been filing a number of
7  pro se motions and I had admonished him that he has a lawyer,
8  that he should file any motions that he wants through his
9  lawyer, yet he still persists.  We will deal with that when
10 the new lawyer comes in.
11       Now, basically it's a motion to suppress, is that
12 what the --
13       MR. KAZEMI:  That is essentially correct, Your
14 Honor.  The government had obtained a search warrant to get a
15 sample of Mr. Pantoliano's DNA in order to attempt to match it
16 to some items that were recovered near the crime scene.
17 Mr. Pantoliano has filed a motioning to suppress or quash --
18 it is a pro se motion -- the government's search warrant for
19 his DNA.
20       MR. HURWITZ:  Well, Your Honor, that is correct.
21 There are other motions, as Your Honor is aware, that
22 Mr. Pantoliano filed.  As I told the Court, I was working on
23 various motions also beyond the DNA, the suppression would
24 include property --
25       THE COURT:  I think I spoke to Mr. Pantoliano about

7

1  bifurcated representation. He has a lawyer. I will be
2  dealing --
3          MR. HURWITZ: I'm talking about the motions that
4  I'll be working on and passing on to the attorney.
5          THE COURT: Okay.
6          MR. HURWITZ: And I wanted to apprise Your Honor
7  since you asked what motions were pending, if I may.
8          THE COURT: Yes, go ahead.
9          MR. HURWITZ: There are motions pending that I think
10 are viable that the next attorney may choose to file but the
11 motions I've been working on included the DNA motion, motions
12 to suppress physical property for no probable cause to arrest
13 the defendant, there may be motions concerning Brady material,
14 grand jury inspection by Your Honor, along those lines, Your
15 Honor.
16         THE COURT: Now, basically what are the facts of
17 this case?
18         MR. KAZEMI: Your Honor, this defendant is charged
19 in five of the six counts of the superseding indictment. The
20 first two counts relate to the defendant's participation in a
21 series of Hobbs Act robberies in the summer of 2008. Counts
22 Three, Four and Five relate to the defendant's participation
23 in a single street robbery, Hobbs Act robbery in September
24 of 2009. Those are the basic facts.
25         I should also note the defendant has a co-defendant,

```
                                                                  8
 1   Anthony Tuozzo, who now has motions pending before Judge Gold,
 2   a motion to sever and a motion to suppress.
 3            MR. HURWITZ:  And there was also a motion that used
 4   to be pending in front of Judge Gold, it was ruled upon Judge
 5   Gold and Your Honor, suppressing identification in terms of
 6   the street robbery, Counts Three through Five.
 7            THE COURT:  Okay.  We'll put it on one day next week
 8   then.
 9            THE CLERK:  May 5th at 9:30.
10            THE COURT:  How long would it take to try this case?
11            MS. COHEN:  We've been saying about a week and a
12   half.
13            THE COURT:  Okay.
14            MR. HURWITZ:  Your Honor, could the new attorney get
15   in touch with counsel so I'll make the files available.
16            THE COURT:  We'll find out who it is and he'll get
17   in touch with you.
18            MR. HURWITZ:  Thank you, Your Honor.
19            THE COURT:  As usual, you'll assist him with what
20   you've done on the case.
21            MR. HURWITZ:  Thank you.
22            THE CLERK:  Judge, it's Richard Lind and I'm just
23   e-mailing him now.
24            THE COURT:  Okay.
25            Now, is he in the building?
```

9

1    THE CLERK: He should be. I can try calling him.

2    THE COURT: You know what we'll do, we'll see if we
3 can hold the defendant until maybe the last bus so if Mr. Lind
4 is in the building, he can have an opportunity to talk to the
5 defendant.

6    And, again, this is your last lawyer, you're going
7 to go it alone and the only help you'll have will be the MDC
8 Bar Association. Okay.

9    THE DEFENDANT: Yes.

10   MR. KAZEMI: Thank you, Your Honor.

11   MS. COHEN: Thank you, Your Honor.

12   (Time noted: 9:45 a.m.)

13   (End of proceedings.)



| | COMPLAINT - FOLLOW UP INFORMATIONAL REPORT - INTERVIEW | Crime/Condition ROBBERY | Cmd Code 68 | Date of This Report 10/01/2009 |
|---|---|---|---|---|

| Date of UF61 09/28/2009 | Date Case Assigned 09/29/2009 | Complaint No. 2009-068-05187 | Case No. 925 | Unit Reporting SQUAD | Follow-Up No. 1 |
|---|---|---|---|---|---|

| Complainant's Name | Nickname/Alias/Middle Name | Address 232 93 STREET BROOKLYN NY | Apt No. 232 |
|---|---|---|---|
| Sex MALE | Race WHITE | Date of Birth 04/29/1978 | Age 31 | |
| Home Telephone | Business Telephone | Cell Phone 917-930-3874 | Beeper # | E-Mail Address |

**Topic/Subject:**
(INTERVIEW) FIRST RESPONDERS

**Summary of Investigation:**
1. On September 28, 2009, at approximately 2100 HOURS, DET. SOTO AND MYSELF, IN RMP #433, REF PAGE #301, DID RESPOND TO 268 OVINGTON AVENUE IN REGARDS TO ROBBERY. THERE, I CONDUCTED AN INTERVIEW OF FIRST RESPONDERS PO BYRNE #25024 AND SGT RYAN #5238 WHOM STATED IN SOME AND SUBSTANCE THAT THEY RECEIVED A CALL OF A 1010, SHOTS FIRED, AT APPROXIMATELY 2031 HOURS AT THE CORNER OF OVINGTON AND 3RD AVE.

RESPONDERS FURTHER STATED THAT UPON ARRIVAL, THEY WERE APPROACHED BY C/V WHO STATED THAT HE WAS JUST ROBBED AND SHOT AT. C/V GAVE RESPONDERS DIRECTION OF PERP'S FLIGHT. SHORTLY AFTER, RESPONDERS CAME IN CONTACT WITH ONE JOSE SANTAMARIE WHO WITNESSED THE PERP ENTER A VEHICLE, ON 3RD AVENUE, WHICH FLED S/B ON 3RD AVENUE.
WITNESS THEN GIVE PLATES NUMERIC INFO TO OFFICERS WHOM DISPATCHED IT TO OTHER UNITS OVER NYPD RADIO AND CANVASS WAS CONDUCTED.

PO BYRNE BROUGHT TO MY ATTENTION AFTER ARRIVING TO SCENE SPENT SHELL CASING OF .380 AUTO CAL. F/O 268 OVINGTON AVENUE WHICH WAS LATER RECOVERED BY PO HOARLE OF P BBS / ECT.

ACTIVE CASE....

| Reporting Officer: | Rank POM | Name MICHAEL SIMMONDS | Tax Reg. No. | Command 288 |
|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed 10/06/2009 | Date of Next Review | Name KEVIN FITZGERALD | Supv. Tax No. |

EXHIBIT C

| | COMPLAINT - FOLLOW UP<br>INFORMATIONAL REPORT - GENERAL INVESTIGATION | | | Crime/Condition<br>ROBBERY | Cmd Code<br>68 | Date of This Report<br>10/01/2009 |
|---|---|---|---|---|---|---|
| Date of UF61<br>09/28/2009 | Date Case Assigned<br>09/29/2009 | Complaint No.<br>2009-068-05187 | Case No.<br>925 | Unit Reporting<br>SQUAD | | Follow-Up No.<br>7 |

| Complainant's Name | Nickname/Alias/Middle Name<br>NONE | Address<br>232 93 STREET BROOKLYN NY | | Apt No.<br>232 |
|---|---|---|---|---|
| Sex<br>MALE | Race<br>WHITE | Date of Birth<br>04/29/1978 | Age<br>31 | |
| Home Telephone<br>000-000-0000 | Business Telephone<br>000-000-0000 | Cell Phone<br>917-930-3874 | Beeper #<br>000-000-0000 | E-Mail Address<br>NONE@NONE.COM |

**Topic/Subject:**
VEHCILE LOCATED

**Summary of Investigation:**
1. On September 28, 2009, at approximately 2118 HOURS PO CARMELLO AND PO DIAZ ASSINGNED TO 68 SECTOR DAVID CANVASS FOR WANTED VEHICLE. VEHICLE WAS LOCATED PARKED OPPOSITE 190 BATTERY AVENUE PLATE CONFIRMED AS NEW YORK REGISTERED# EGM1101.

CASE ACTIVE.

| Reporting Officer: | Rank<br>POM | Name<br>MICHAEL SIMMONDS | | Tax Reg. No. | Command<br>288 |
|---|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed<br>10/23/2009 | Date of Next Review | Name<br>KEVIN FITZGERALD | Supv. Tax No. |