FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 12 2011 ★

BROOKLYN OFFICE

CLERK OF U.S. DISTRICT COURT
E.D.N.Y.
225- CADMAN PLAZA EAST
BROOKLYN, N.Y. 11201

Oct, 10, 2011

RE: U.S. v. PANTOLIANO, 10-CR-068-(SJ)

DEAR CLERK,

PLEASE FILE THE ATTACHED DOCUMENT (OBJECTION TO PSR) ON MY DOCKET-REPORT.

THANK YOU FOR YOUR TIME.

KATOSH PANTOLIANO
77941-053
MDC-BKLYN, P.O. BOX 329002
BKLYN, N.Y. 11232

C.C. File

TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-B

----------------------------------------------------------------------------------------------------

FROM: 77941053
TO:
SUBJECT: Objection's to PSR...
DATE: 10/10/2011 07:17:10 PM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

RECEIVED
OCT 1 2 2011
PRO SE OFFICE

---------------------------------x
UNITED STATES OF AMERICA

    -against-

KATOSH PANTOLIANO
---------------------------------x

"Objection[s]" to
Pre-Sentence Report
10-CR-00068-(S-2)-(SJ)
Honorable
Sterling Johnson, Jr.
U.S.D.J.- E.D.N.Y.

[DEFENDANT, KATOSH PANTOLIANO'S "OBJECTION[S]" TO PRE-SENTENCE REPORT]

COMES NOW, DEFENDANT, KATOSH PANTOLIANO, VIA PRO PER IN PROPRIA PERSONA PROCEEDING SUI JURIS IN THE ABOVE CAPTIONED, TITLED "OBJECTION[S]", AND HEREBY OBJECT'S TO THE FOLLOWING:

[1.] Defendant object's to paragraph (3) in reference to ever being a member of this alleged "Carini crew" or any "crew" that should ever be mentioned. This information that was provided to the Probation Department stems from false evidence that was knowingly and intentionally presented in the case by the government, in violation of Due Process of Law.

[2.] Defendant object's to paragraph (8) in reference to ever participating in the alleged attempted robbery that's mentioned and allegedly took place at 2663, Coney Island Avenue in Brooklyn, N.Y.. This information stems from false evidence that

was knowingly and intentionally presented in the case by the government, in violation of Due Process of Law.

[3.] Defendant object's to paragraph (9) in reference to ever participating in the alleged robbery mentioned that allegedly took place at 4340 Victory Blvd., in Staten Island, N.Y.. Moreover, defendant object's to ever possessing or using any type of body armor and restraint's on alleged victim's. Furthermore, defendant object's to the amount of money that was allegedly robbed during these alleged robberies. This information stems from false evidence that was knowingly and intentionally presented in this case by the government, in violation of Due Process of Law.

[4.] Defendant object's to paragraph (10) in reference to ever participating in the alleged robbery that allegedly took place at 1661 McDonald Avenue, in Brooklyn, N.Y.. This information stems from false evidence that was knowingly and intentionally presented in this case by the government, in violation of Due Process of Law.

[5.] Defendant object's to paragraph (11) in reference to ever participating in the alleged attempted robbery that allegedly took place at Thornycraft street, in Staten island , N.Y.. This information stems from false evidence that was knowingly and intentionally presented by the government, in violation of Due Process of Law.

[6.] Defendant object's to paragraph (12) in reference to ever participating in the alleged robbery that allegedly took place at 268- Ovington Avenue, in Brooklyn, N.Y.. Moreover, defendant object's and denies ever being identified by the alleged victim and alleged witness. In addition, defendant's Private Investigator (Mr. Ronald J. Dwyer, Innovative Strategists, Inc., at 42-40 Bell Blvd., Suite 302, Queens, N.Y. 11361, phone # 917-497-4898, email: sdrrjd@aol.com) interviewed both the alleged victim and alleged witness prior to a Suppression hearing. During this interview the alleged victim and alleged witness both denied ever identifying the defendant (Katosh Pantoliano) on the night of the alleged robbery. In addition, during several interview's with the government, agent's, and detective's, the alleged victim and alleged witness both stated that they were not able to identify the alleged robber. (See, docket entries 73, 89, 92 and 94)(Docket entry 94 includes the exhibit's that prove that I was never Identified, and that the government knowingly and intentionally presented false evidence and tampered with the alleged witness, violating Due Process of Law)`. Furthermore, the alleged victim and alleged witness were both Suppressed and excluded from ever testifying against the defendant due to the false evidence that was knowingly and intentionally presented in this case by the government. (See, docket entries 39 and 73).

[7.] Defendant object's to paragraph (14) in reference to ever being recruited by Carmine Carini while being incarcerated in State Custody. This information stems from false evidence that was knowingly and intentionally presented by the government, in violation of Due Process of Law.

TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-B

----------------------------------------------------------------------------------------------------

[8.] In reference to paragraph's (73) (74) and (75), defendant states that he was incarcerated in Riker's Island from November 5, 2008 to April 12, 2009. The charges stemmed from a robbery and charges that are a part of the alleged instant offense and are related to the instant offense as mentioned in paragraph (75) and should therefore be considered for a downward departure pursuant to policy statement 5K2.23. The charges are considered relevant conduct to the instant offense in which defendant was detained for approximately 6 months in Riker's Island. The defendant's incarceration upon discharge for charges that are relevant conduct to the instant offense should be considered for "time-credit" towards defendant's sentence. Moreover, the defendant's innocence in the actual crime that allegedly took place that warranted his discharge after being illegally detained in Rikers Island should be considered for a downward departure. The defendant states that he was subjected to file a 1983 Civil Action (See, Pantoliano v. City of New York, 11-cv-03108) regarding this arrest because the Probation Department has ignored the fact that defendant was incarcerated for 6 month's on Rikers Island for these charges that are related to the instant offense as mentioned in paragraph (75). If defendant can receive "time-credit" for the time he spent in Riker's Island for these charges that are related to the instant offense, then there would be no reason to waste Judicial resources in the Civil Action (11-cv-03108) that's pending.

[9.] Defendant add's information in reference to paragraph (85) involving one of the defendant's serious injuries that occurred when he was shot by NYPD officer's during the instant offense mentioned in paragraph's (62 and 65) regarding defendant's criminal history. Defendant states that x-ray medical record's at the MDC will reveal the 9mm. bullet fragment that is lodged in the defendant's left knee in which he suffer's from chronic pain.

[10.] Defendant object's to paragraph (107) in reference to the robbery mentioned of a family member of a restaurant owner in Brooklyn that allegedly took place on September 28, 2009. Defendant states that he never participated in this alleged robbery and was never identified as the robber. (See, P.I., Ronald J. Dwyer at phone 917-497-4898, and docket entries 73, 89, 92, and 94). Moreover, defendant object's to ever participating or conspiring to rob the home owner of Thornycroft street in Staten Island, N.Y. Furthermore, defendant states that any information regarding these alleged crimes is "False" and should not be considered as a basis for an upward departure pursuant to policy statement (5K2.0). Any information that was forwarded to the Probation Department regarding these charges stems from false evidence that was knowingly and intentionally presented in this case by the government, in violation of Due Process of Law.

WHEREFORE, defendant respectfully request's to the Probation Department to correct the Pre-Sentence-Report in regard's to the above mentioned "objection[s]" and for the Court to disregard the false-information that was provided to the Probation

TRULINCS 77941053 - PANTOLIANO, KATOSH - Unit: BRO-I-B

----

Department which stemmed from false evidence that was knowingly and intentionally presented in this case, and now documented in the Pre-Sentence Report-dated October 4, 2011.

RESPECTFULLY SUBMITTED BY:
DEFENDANT, KATOSH PANTOLIANO, 77941-053

*Katosh Pantoliano*

MDC-BKLYN., P.O. BOX 329002
BROOKLYN, N.Y. 11232

[PRO PER IN PROPRIA PERSONA PROCEEDING SUI JURIS]

c.c...file: Dated and Mailed on October 10, 2011 to the following:
    Senior U.S. Probation Officer, Darcy A. Zavatsky (by via U.S. mail)...
    Clerk of U.S. District Court (by via U.S. mail)...
    AUSA- Celia Cohen, (by via U.S. mail)