```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

KATOSH PANTOLIANO,

                Petitioner,                    TRANSFER ORDER

                                               23-CV-1425 (KAM)

     -against-                                 10-CR-68 (KAM)


UNITED STATES OF AMERICA,

                Respondent.

----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On February 22, 2023, Petitioner Katosh Pantoliano, proceeding *pro se*, filed a second petition pursuant to 28 U.S.C. § 2255.[1] Petitioner states that "other judgments have been vacated regarding [18 U.S.C. §] 924(c) being unconstitutional if together with a conspiracy charge," (10-CR-68, ECF No. 291 at 5), presumably referring to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), (*see* 10-CR-68, ECF No. 292, Government's Response in Opposition, at 2.). However, this Court

---

[1] On June 15, 2011, Pantoliano pleaded guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) as well as brandishing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Pantoliano was sentenced on February 10, 2012, to 41 months on the conspiracy charge and 84 months on the firearm charge, running consecutively, for a total term of imprisonment of 125 months. *Pantoliano v. United States*, No. 13-CV-6417 (KAM), 2020 WL 2110706, at *1 (E.D.N.Y. May 4, 2020). Pantoliano previously filed a petition pursuant to § 2255, which was denied by this Court on May 4, 2020. *Id.*

1

is without jurisdiction to reach the merits of this most recent, second petition.  Pantoliano's petition is a second and successive petition for a writ of habeas corpus within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As such, it must be transferred to the United States Court of Appeals for the Second Circuit.

A second or successive motion is authorized when the petition contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1).  But before a second or successive application for habeas corpus may be filed in the district court, the applicant is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). This "gatekeeping" function requirement is meant to prevent abuse of the habeas writ.  *See Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998).  Accordingly, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631[.]"  *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996); *see Corrao*, 152 F.3d at 191 (district court erred by dismissing second or successive

2

petition on the merits, rather than transferring it to the Circuit for certification).

Pantoliano's petition is "second or successive" because it "raises claims concerning the same conviction to which [a] prior § 2255 motion was addressed." *Liriano*, 95 F.3d at 122; *see Corrao*, 152 F.3d at 191 (rule remains true "even if the latter petition purports to raise new claims"). Pantoliano's first habeas petition was filed in *Pantoliano v. United States*, 13-cv-6417 (KAM). (13-CV-6417, ECF No. 1, Petition.) Following multiple rounds of briefing and additional supplements to Pantoliano's habeas claims, this Court denied Pantoliano's § 2255 petition in a Memorandum and Order filed on May 4, 2020. *Pantoliano v. United States*, No. 13-CV-6417 (KAM), 2020 WL 2110706, at *1 (E.D.N.Y. May 4, 2020). In that Order, this Court noted that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence following the Supreme Court's decision in *Davis*. Pantoliano, 2020 WL 2110706, at *14 ("Were Mr. Pantoliano sentenced today, or had Mr. Pantoliano not waived his collateral attack rights, he could prevail. *See United States v. Davis*, 139 S. Ct. 2319, 2323-24 (2019); *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019). Yet, Mr. Pantoliano's claim is barred."). Continuing, this Court explained that "[A] defendant's inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law

3

after a plea is simply one of the risks that accompanies pleas and plea agreements." *Id.* (quoting *United States v. Lee*, 523 F.3d 104, 107 (2d Cir. 2008)). Pantoliano did not attempt to appeal this Court's denial of his original Section 2255 petition.

Because Pantoliano has not sought or obtained leave from the Court of Appeals to file the instant petition, this Court lacks jurisdiction to make a decision on the merits of his habeas petition. Thus, the Clerk is respectfully directed to transmit this Order and the attached motion to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, in the interests of justice, for a determination of whether the petitioner's successive § 2255 petition may proceed in this Court. *See* 28 U.S.C. § 1631 (a court lacking jurisdiction over an action may transfer such action to "any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed"). The Clerk is directed to mail a copy of this decision to Pantoliano at his current address, note service on the docket, and close this case on the docket of this Court. If the Second Circuit authorizes Pantoliano to proceed in this matter, he shall move to reopen this case under docket number 23-CV-1425 (KAM).

**SO ORDERED**

Dated:   January 17, 2024
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4